## NEWCOMERSTOWN (village) v STATE ex BLATT

Ohio Appeals, 5th Dist, Tuscarawas Co

No 365.  Decided April 21, 1930

CUSHING, J, (1st Dist) sitting in place of HOUCK, J.

**LEMERT, PJ.**

On proposition No. 1, we have to say that any elective or appointive officer, properly qualified and serving, is such officer until removed or the office becomes vacant by operation of law. The relator was not legally suspended by the Council of the Village at the meeting of October 29, 1928, because Council at that time did not have, under the law, any power to suspend the relator, or even to order the Mayor to suspend him, for the reason that at said time there was no written charge filed against the relator; and there being no written charge pending against him, neither the Mayor nor the Council of the Village had any legal right or power to suspend him.

Sec. 4263 GC. provides when and how an officer may be removed or suspended. Sec-tion 4264 provides for the hearing, who filed with, etc.; and Section 4265 provides as to how such removal or suspension may take place.

So we must conclude from the aforesaid Sections that before the Marshal of said Village could have been suspended, there must have been charges or proceedings, as provided for in 4263 GC, pending and filed with the Council of the Village prior to the order of suspension. Consequently, it must follow that the action of the defendant village in suspending the relator was without legal authority, and therefore illegal and void.

The record discloses that no action was taken by the Village to suspend the Marshal after charges had been filed on November 12, and he served as Marshal of the Village until the the date of his resignation, November 26, 1928. It therefore follows that he is entitled to his salary at the rate of $1800 per annum from the 1st day of November until the 26th day of November, 1928.

It has been held in 92 Oh St 493, that a public officer is a public servant, whether he be a policeman of a municipality or the President of the United States. His candidacy for appointment or election, his commission, his oath, in connection with the law under which he serves, and the emoluments of his office constitute the contract between him and the public he serves.

The record discloses that on the 26th day of December, 1928, the relator, after his resignation, as hereinbefore referred to, was appointed by the Mayor, and he thereafter qualified and served as Marshal from January 1, 1929, to March 8, 1929. We note that at the time of his appointment that Ordinance 159, providing for a salary of $1800.00 per annum, was still in force and effect. The appointment was accepted by the relator on December 26, 1928; then three days later, to-wit, December 29, 1928, the Village Council attempted to repeal Ordinance 159 and enacted Ordinance No. 174, fixing $240 per annum as the Marshal's salary, and enacted it as an emergency measure; whereby they attempted to diminish the relator's salary during the term for which such officer may have been elected or appointed.

Therefore the question presents itself as to whether or not this action on the part of the Village Council was not in direct contravention of 4219 GC.

In the case of Pugh vs. Tanner, 27 O. C. A., 365, the Court of Appeals of the Fifth

District of Ohio held:

"The salary of an appointee to a vacancy in a public office is controlled by the law in effect at the time his appointment was made, and not by the law in effect at the time his predecessor was elected for the term which he is to complete";

the Court in that case holding:

"Were it otherwise, Council could in effect nullify an election or an appointment, by reducing salary to a minimum, between the time of the election or appointment and the time of the commencement of the term of office. We can not but think that this would be against public policy, nor can we conceive this to be the law."

In the above case the Court was construing 4213 GC, whereas in the instant case Section 4219 is before us, and we believe the language to be even stronger than in Section 4213.

As a matter of public policy it seem only reasonable that an officer accepts his office on the basis of the law at the time of his election or appointment. Otherwise, such officer might be confronted by Councils or other legislative bodies indulging in such tactics as might or would embarrass him.

We believe that all Courts practically agree that this was the idea which prompted the Constitution makers to enact similar provisions in Stae Constitutions, and also prompted the legislature in enacting Section 4213, 4219, and other similar statutes.

Again, if Ordinance 174 is not in contravention of Section 4219, it would still be invalid as an emergency measure, for the reason that it is in contravention of Section 4227, which provides in part:

"Any emergency ordinances or measures necessary for the immediate preservation of the public peace, health or safety in such municipal corporation, shall go into immediate effect."

This Ordinance 174 was not and could not be classed as an Emergency Ordinance. It is an Emergency Ordinance in name, only, and is not and could not be such an Emergency Ordinance as contemplated by law.

On the third and last proposition presented, whether or not mandamus was the proper remedy for the relator under such a state of facts, we find and hold that in as much as the salary of the relator was fixed and determined that proper action to compel the payment of it to him would be by way of mandamus to compel the issuance of a warrant. It is well settled law in Ohio that one within a classified service who is wrongfully deprived of his employment or position by reason of an absolutely void and illegal ouster, from which there is no appeal, may be restored to his employment or position and the emoluments thereof in an action by way of mandamus.

23 Ohio Appeals, 62.

We therefore find and hold that the Court below properly resolved all of the aforesaid issues in favor of the relator, and we therefore find and hold that the finding and judgment of the Court below should be and the same is hereby affirmed, and this cause is remanded to that Court to carry this judgment into execution. Judgment affirmed.

Exceptions may be noted.

Sherick, J, and Cushing, J, concur.