TOWN OF WAVELAND v. DUFOUR.

Division B.   Jan. 7, 1952.

No. 38115  (56 So. (2d) 70)

Gex & Gex, and **W. E. Gore,** for appellants.

**Robt. L. Genin,** for appellee.

**Alexander, J.**

Appellee was elected in 1945 to the combined office of town marshal and tax collector. His term began December 6, 1946. The mayor and board of aldermen of the Town of Waveland at a regular meeting on December 10, 1946, fixed the salary of appellee at $135 per month. On December 7, 1948, this body by ordinance reduced this salary to $85 per month.

Appellee filed a bill in equity asserting an absence of an adequate remedy at law and a purpose to avoid a multiplicity of suits and prayed for a mandatory injunction to compel the payment of such arrears as had accumulated because of the deduction, and to determine permanently the right of appellee to be paid at the rate of $135 per month. The court assumed jurisdiction, overruled a general and special demurrer, and from a decree in accord with the prayer of the bill based upon stipulated facts the Town appeals.

The ordinance complained of is as follows: "To cut the salary of C. O. Dufour $50.00 since he (is) not doing police work. Salary to be $85.00 per month effective December 1st."

This ordinance is attacked on the following grounds inherent in its language (1) that the salary which is reduced is not designated as that of the marshal

and tax collector but of C. O. Dufour; (2) that its effective date is indefinite since the year of its inception is not stated; and (3) that the action of the board results in a penalty against Dufour for neglect of duty imposed without opportunity for a hearing. There is no contention that Dufour holds any other municipal office and the case is predicated upon the assumption that he is the incumbent. Recovery is sought of the alleged arrears in the office mentioned and is computed at the difference between the original salary fixed by the ordinance of December 10, 1946, for the office of "Marshal and Tax Collector." The intent of the board to fix the effective date of the salary reduction is clear enough. It was without room for doubt, December 1, 1948. Salary for that month had not yet accrued.

We come to the authority of the board to make the reduction in the compensation of this office.

The Town of Waveland operates under a special charter, a pertinent provision of which is as follows: "Be it ordained by the board of mayor and aldermen of the Town of Waveland that Section III of the charter of said town be amended to read as follows: The mayor, aldermen, secretary, who shall be assessor, treasurer, street commissioner and tax collector shall receive such salary or compensation as may from time to time be fixed by said board of mayor and aldermen, but when the salary of any such officer has once been fixed same shall not be changed during the term of office of said officer, however, the salary or compensation of the treasurer and tax collector may be fixed and changed annually."

The Town argues that under such amendment the office of marshal is not mentioned and that the office of tax collector is specifically excluded from those whose salary could not be altered. It further contends that the consolidated office of marshal and tax collector is in effect a new office and as such not under the prohibition.

We conclude that these propositions are sound. Whether the reduction ordered involved the functions of a tax

collector, which was subject to change, or to that of marshal as to which there was no prohibition, or whether the consolidated office is a new one, the result is the same.

██ ██ There exists no contract between either the electorate or the Town and the incumbent of this office. 43 Am. Jur., Public Affairs, Section 348; 62 C. J. S., Municipal Corporations, Sec. 566(e), page 1084; McQuillin, Municipal Corporations (Revised), Section 547; Compare Grenada v. Wood, 81 Miss. 308, 33 So. 173; Village of Newcomerstown v. State ex rel. Blatt, 36 Ohio App. 434, 173 N. E. 309; 37 Am. Jur., Municipal Corporations, Section 257, page 881.

A candidate for such an office seeks it charged with knowledge of its susceptibility to change. In theory at least, one submits his candidacy for the office and not its emoluments. He comes to minister and not to be ministered unto. He is a servant of the people, not an object of its bounty. While the laborer is worthy of his hire, his office should remain one of honor and not of profit. This theory must stand against the cynical assaults of a common iconoclasm, not wholly groundless, which in popular conception would demean it to the status of a mere fiction. Wherefore, under the former notion, the appellee still has that which he sought.

An opposite view would render vain and useless provisions of the charter or of our Constitution which designate certain offices as being immune to change.

We find neither principle nor authority forbids the board to readjust the compensation in this office. It is necessary, therefore, to reverse the decree and dismiss the bill filed by appellee.

Reversed and decree for appellant.